Tilghman C. J.
A motion has been made to take off the nonsuit, on two grounds ; — 1st. Because the judge was mistaken in his opinion, that probable cause had been shewn. 2d. Because a nonsuit ought not to have been entered against the plaintiff’s consent. If the plaintiff succeeds in establishing either of these grounds, the nonsuit must be taken off. I shall confine my opinion to the latter. Although I know of no solemn decision of this court expressly on the point, yet I have always considered it as settled, that a nonsuit could not be entered, if the- plaintiff insisted upon answering; and this opinion has been expressed by me upon several occasions. That such has been the practice, I believe I may safely venture to affirm ; so that the only consideration, at present, will be, whether there be any reason for altering that practice ? The form of recording a nonsuit, is, that the plaintiff, although solemnly called, did not appear. But when he an *361 sw'ers, he does appeal'. It is false, therefore, to say that he did not appear, when he answered. Suppose then the plaintiff answers, what course is the judge to take? He cannot order the clerk to record a non-appearance, in the face of the truth. Can he forbid the plaintiff to answer, on pain of being considered in contempt ? I have met with no authority, before the revolution, extending the power of the court so far. It certainly was not carried to that extent in England, nor do I believe that it is even at this day. The very case occurred before the late Judge Buller, than whom there was no greater lawyer in his time. He was of opinion, that the plaintiff had failed in supporting his action, and therefore directed a nonsuit; but when the plaintiff was called, he answered. The learned judge did not, upon this, insist on the nonsuit, but directed the jury to find for the defendant. When a non-suit is entered, the evidence does not appear on the record, nor does it appear that the nonsuit was entered by order of the court. If the plaintiff is content to move for a new trial, it is all very well, because then the evidence will be reported to the court in bank. But suppose he should desire to bring a writ of error, in order to have the matter decided by a superior court; it will not be contended that he is to lose the benefit of a writ of error. In order, therefore, to meet this difficulty, it is said, that at the request of the plaintiff, the judge, who orders the nonsuit, will direct the evidence to be inserted in the recoz'd. I ask then, what can be the motive for altering our pi-actice ? If the evidence'is placed on the record, why should not the judge deliver his opinion to the jury, subject to a bill of exceptions, as usual? Or, if the defendant is of opinion, that the plaintiff has failed in supporting his action, why not demur to the evidence ? It Is answered, that if the jury are permitted to give a vei'dict, they may disregard the charge of the court. But for this, a new trial is-an easy remedy : And if jui'ies persist in finding against law, there may be new trials folies quo tics. Besides, it ought not to be presumed, that juries will act contrary to their duty, by going against the opinion of the court in matters of law | nor does my experience warrant such a presumption. The court possesses well established powei's, sufficient for the pi'eservation of the law in trials by jury. As long as these powers are discreetly exercised, there is no reason to apprehend a failure of justice -, but an atteznptto do too much, *362 may shake what is already established. I am, therefore, for adhering to ancient precedents, unless the advantage of a departure from them be manifest, and the power of the court undoubted. In the present instance, I see no necessity for a change. I am, therefore, of opinion, that the nonsuit should be taken off, in order to afford the plaintiff an opportunity of taking a verdict.
Yeates J.
Thinking, as I do, that the present nonsuit cannot be sustained, I forbear to express any sentiment of my own, whether probable cause was shewn, to warrant the suits originally brought. I would not disparage the cause of either of the parties, on a trial to come on before another jury. It seems clear to my mind, that neither by the laws of England, nor Pennsylvania, nor by the practice of the courts of either country, a nonsuit can be enforced against a plaintiff, who has given evidence to the jury in support of his claim, and is desirous that they should decide on it. We find in Pochin v. Powley (1 Bla. Rep. 670.) in 1768, the rule laid down, that where a plaintiff refuses to submit to a nonsuit, contrary to the opinion of the judge, a new trial, if granted, shall be without costs; and that though the rule formerly was to lay hold of a nonsuit, wherever it could be done, the fashion of doing so is in most cases altered. Payne et al. v. Bacomb, Doug. 651. Authorities in the late books are not wanting, to shew, that although a judge has decided, (2 T. Rep. 275. 1 T. Rep. 176.) that a plaintiff should be nonsuited, he may notwithstanding, appear and take the verdict. In this Court it has been unanimously adjudged in Girard v. Gettig, December Term, 1810, (2 Binn. 234,) that it is out of the power of the court to order a nonsuit against the consent of the plaintiff, who may refuse to enter it, and insist on taking the verdict. Such I take to have been the general practice, both before and since the American revolution. What shall prevent a plaintiff on being called from answering ? I remember one case in particular in Miff in county, before the late judge Shippen and myself, wherein Mr. Watts refused to submit to a nonsuit in ejectment, directed on the ground of a particular record- not being produced by the plaintiff, and the cause proceeded. The practice appears to me, to be founded in strong reason and public convenience. If a defendant would withdraw the facts from the decision of the *363 jury, he may demur to the evidence of the plaintiff, which is therefore annexed to the record. He thereby admits every inference and conclusion which the jury might deduce from the evidence, But if the judge orders a nonsuit erroneously, which is afterwards taken off, the case must come before another jury, which must necessarily occasion delay and expense. If the judgment of. nonsuit is entered, the plaintiff on a writ of error cannot have the benefit of a revision in a superior tribunal, because the facts whereon the judge who tried the cause, pronounced his opinion, are not spread on the record. If the cause goes to the jury, the judge, who thinks the plaintiff has not maintained his suit, may express his sentiments in such manner as he thinks proper, as to the law arising on the facts, and the party dissatisfied therewith may take his bill of exceptions, and thus bring the whole matter before a court of error for decision. Neither party is, or ought to be concluded by the opinion of a judge, which is often given suddenly on the spur of the occasion. . I am fpr adhering to the ancient method of proceeding in such cases, and consider it as best calculated to advance justice, and therefore am of opinion, the nonsuit should be set aside.
Brackenridge J. gave no opinion.
Nonsuit set aside.